## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **KENNEDY BOST,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO.  JKB-12-2544** |
| **OFFICE OF THE STATE'S ATTORNEY** *et al.,* | * | |
| | * | |
| **Defendants** | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM</u>

### *I.  Background*

Kennedy Bost brought this suit against Office of the State's Attorney (in Baltimore); Gregg L. Bernstein, Esq.; Sara Gross, Esq.; Detective Patricia Bradds; and the Baltimore City Police Department ("BPD").  (Compl., ECF No. 2.)  Bost asserted Maryland state law counts in which he complained he was the victim of a battery, false arrest, false imprisonment, malicious prosecution, and conspiracy; he further complained that Defendants' actions amounted to violations of Maryland constitutional law and, pursuant to Section 1983, Title 42, United States Code, violation of federal constitutional law.  BPD removed the case to this Court, an action that received the consent of all other Defendants.  (Notice of Removal, ECF No. 1.)  Pending before the Court are a motion to dismiss by BPD (ECF No. 10) and a motion to dismiss by Office of the State's Attorney, Bernstein, and Gross (collectively, the "State Defendants").  Plaintiff filed no opposition to these motions.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  The motions will be granted.

## II.  Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.

## III.  Analysis

### A.  Baltimore Police Department

BPD moves for dismissal on the ground that Bost has failed to assert a cognizable cause of action in any of the counts in which it is named.  Bost has made only two factual allegations against BPD:  (1) BPD is the operator of video surveillance cameras that captured the events resulting in Bost's arrest (Compl. ¶ 5); and (2) BPD is responsible for hiring, training, and supervision of Bradds (Compl. ¶ 31).  These allegations are too meager to permit the Court to infer misconduct on the part of BPD as to any alleged cause of action.

Moreover, BPD is protected against all of Bost's state law claims of common law torts and state constitutional torts by Maryland sovereign immunity.  *See Clea v. Mayor and City Council of Baltimore*, 541 A.2d 1303, 1307 (Md. 1988); *Baltimore Police Department v. Cherkes*, 780 A.2d 410, 422 (Md. Ct. Spec. App. 2001).  *See also Brown v. Baltimore Police Department*, Civ. No. RDB-11-136, 2011 WL 6415366, at *13 (D. Md. Dec. 21, 2011); *Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548-49 (D. Md. 2003).  As for the § 1983 claim, to the

extent Bost is seeking to fix liability on BPD by virtue of the theory of *respondeat superior*, he cannot do so.  BPD may not be held liable under § 1983 simply because it is Bradds's employer but may only be held liable for damage caused by a policy or custom of BPD.  *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91, 694 (1978).  *See also Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-37 (1989).   Bost has pleaded no facts to support an inference that he suffered injury caused by a policy or custom of BPD.  The motion to dismiss will be granted.

### B.   The State Defendants

The Office of the State's Attorney, Bernstein, and Gross assert various grounds for dismissal.  Under Maryland law, the Office of the State's Attorney is not a separate legal entity subject to suit.  According to Maryland's constitution, "There shall be an Attorney for the State in each county and the City of Baltimore, to be styled 'The State's Attorney', who shall be elected by the voters thereof . . . ."  Md. Const. art. V, § 7.  Thus, the person who occupies the position of State's Attorney for a particular county or for the City of Baltimore is a constitutional officer of the State of Maryland.  No constitutional or statutory provision in Maryland law of which this Court is aware establishes an entity called, "Office of the State's Attorney."  *Compare Boyer v. State of Maryland*, 594 A.2d 121, 128 n.9 (Md. 1991) (noting no such entity as "Sheriff's Department" in Charles County); *Hines v. French*, 852 A.2d 1047, 1071 (Md. Ct. Spec. App. 2004) (Harford County Sheriff's Office not separate legal entity capable of being sued).  Accordingly, the Office of the State's Attorney will be dismissed.

The only factual allegation made by Bost against Bernstein is that he is responsible for hiring, training, and supervision of Gross.  Since Bost has not made any allegation that Bernstein himself engaged in tortious conduct or violation of Bost's civil rights, he apparently is relying on

the theory of *respondeat superior* to establish Bernstein's liability.  This is impermissible under § 1983.  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001); *Brown v. Baltimore Police Department*, Civ. No. RDB-11-136, 2011 WL 6415366, at *7-8 (D. Md. Dec. 21, 2011).  Even assuming, without deciding, that Bernstein could be held liable under a theory of *respondeat superior* on the state law claims, his liability would only be derivative of Gross's liability.  The allegations against Gross are the following:

- She provided a copy of the video recording to Plaintiff's counsel (Compl. ¶ 15);

- She did not respond to Plaintiff's counsel's attempts to obtain dismissal of the charges (Compl. ¶¶ 16, 17);

- At a court hearing, she refused to examine still photographs produced from the video, opposed the court's review of the video, misrepresented to the court that the video was an incomplete representation of the incident, and urged the court to maintain a no-bail status for Plaintiff (Compl. ¶ 19);

- She did not respond to Plaintiff's counsel's request for discovery of additional evidence (Compl. ¶¶ 20, 21);

- She disposed of the charges against Plaintiff by entering a *nolle prosequi* (Compl. ¶ 25).

All of the actions attributable to Gross fall within the scope of her prosecutorial duties and are protected by absolute immunity.  *Gill v. Ripley*, 724 A.2d 88, 96 (Md. 1999) ("prosecutors enjoy absolute immunity with respect to claims arising from their role in the judicial process—evaluating whether to commence a prosecution by criminal information, presenting evidence to a grand jury in the quest for an indictment, filing charges, and preparing and presenting the State's case in court").  Thus, both Bernstein and Gross will be dismissed.

*IV.  Conclusion*

This action will be dismissed against all defendants except Bradds.  Bradds will be required to file an answer.[1]


DATED this 1st day of October, 2012.


                                        BY THE COURT:


                                        _____/s/_____
                                        James K. Bredar
                                        United States District Judge

---

[1] The Court presumes that Bradds has awaited the resolution of her codefendants' motions to dismiss before responding to the complaint.  If so, that was an incorrect interpretation of the Federal Rules of Civil Procedure.  Nevertheless, the Court will permit Bradds to file an answer within a limited period of time.  The Court observes that Bradds may well have public official immunity to the state law claims and qualified immunity to the § 1983 claim, but those issues are not now ripe for adjudication.